[Cite as *State v. Fields*, 2018-Ohio-3422.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-11-163 |
| - vs - | : | O P I N I O N<br>8/27/2018 |
| | : | |
| LARRY FIELDS, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 17 CR 32981

David P. Fornshell, Warren County Prosecuting Attorney, Kathryn M. Horvath, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Bryan Scott Hicks, P.O. Box 359, Lebanon, Ohio 45036, for defendant-appellant


**PIPER, J.**

{¶ 1} Defendant-appellant, Larry Fields, appeals his conviction in the Warren County Court of Common Pleas for felonious assault with a firearm specification.

{¶ 2} It is undisputed that Fields shot the victim, Charles Burke. However, the facts regarding how and why Fields shot Burke were disputed. Fields claimed that he unintentionally shot Burke after an argument over a stolen chainsaw. Burke claimed that

Fields shot him execution-style out of anger because he stole Fields' chainsaw. Fields pled not guilty to a charge of attempted murder and two counts of felonious assault.

{¶ 3} Fields elected to be tried by the court, and after a bench trial, the court found Fields not guilty of attempted murder but guilty of both counts of felonious assault, which carried firearm specifications. After merging the felonious assault charges, the trial court sentenced Fields to an aggregate seven-year prison sentence. Fields now appeals his conviction, raising the following assignment of error:

{¶ 4} THE VERDICT WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE.

{¶ 5} Fields argues that his conviction was not supported by sufficient evidence.

{¶ 6} When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would support a conviction. *State v. Wright*, 12th Dist. Fayette No. CA2017-10-021, 2018-Ohio-1982. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Watson*, 12th Dist. Warren No. CA2014-08-110, 2015-Ohio-2321, ¶ 22.

{¶ 7} Fields was convicted of felonious assault in violation of R.C. 2903.11(A)(2), which prohibits a person from knowingly causing or attempting "to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance." According to R.C. 2901.22(B), a person acts knowingly when regardless of purpose, the "person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature."[1]

---

1. Fields' trial defense intertwined the theories of accident and self-defense. Defense counsel asserted that Fields used the gun to defend himself by trying to hit Burke with it, not by shooting Burke. On appeal, Fields merely argues that the state failed to prove that he acted knowingly when shooting Burke, but does not directly assert that his conviction is not supported by sufficient evidence because of either self-defense or accident.

{¶ 8}  After reviewing the record, we find that Fields' conviction is supported by sufficient evidence.  The state first presented evidence from the victim, Burke, who testified that he associated with Fields socially and also helped by doing work in the house and garage on Fields' property.  After Fields did not pay Burke for his work, Burke took a chainsaw from Fields' garage and pawned it.  Burke testified that he returned to Fields' house several days after pawning the chainsaw and that Fields hit his vehicle window with the butt of a gun, ordered him out of the vehicle, and told him to get down onto his knees.  Burke testified that once on his knees, Fields shot him in the back of the neck area.  Burke testified that Fields walked back into his house after firing the gun without saying anything or doing anything to provide medical aide.

{¶ 9}  Burke further testified that after he was shot, he got back into his vehicle and drove to his mother's home.  Burke eventually went to a friend's home where he tried to stop the bleeding with a roll of paper towels.  A detective soon arrived and called an ambulance. Burke was injured as a result of the gunshot wound and required medical assistance.

{¶ 10}  The state next presented testimony from a woman who was in Fields' house on the night of the incident.  She testified that she and several others were at Fields' house using methamphetamine on the day Fields shot Burke.  The woman testified that from her personal experience with drug use, she could tell that Fields had been using methamphetamine for a few days by the time he shot Burke.

{¶ 11}  The woman testified that on the day of the incident, Fields received a visitor who asked to borrow a chainsaw.  According to the woman's testimony, Fields became angry when he discovered that his chainsaw was missing from his garage.  The woman also testified that later that evening, she heard dogs barking and men arguing outside and that Fields came into the house and asked about the location of his gun.  Once Fields retrieved his gun, he went outside, and the woman could hear more arguing "back and forth" before

the gunshot sounded. Fields then came inside his home and was "very upset."

{¶ 12} The woman further testified that after the shooting, Fields was "scared, upset" and was worried about going to jail for shooting Burke. She, Fields, and another woman drove around for a few hours after Fields downloaded a police scanner application on his cell phone to listen for any information being exchanged about the shooting. The party then returned to Fields' home where a sheriff was waiting. The woman testified that at no time did Fields complain of an injury or claim that the shooting was an accident.

{¶ 13} Conversely, Fields testified that on the night of the incident, Burke arrived at his home and the two engaged in a conversation about the missing chainsaw. Fields testified that Burke "came at" him and that he removed the gun from his pocket and swung at Burke with both of his hands.[2] Fields testified that during the struggle, the gun went off and that Fields "went down." While Fields admitted during his testimony that he was upset with Burke, he denied that he pulled the trigger intentionally.

{¶ 14} While there was conflicting testimony regarding whether Fields knowingly shot Burke, the trial court was in the best position to determine the credibility of the witnesses. Specifically, the trial court found that Fields made up his version of events as he went along, lied to police officers during their investigation, and that Fields' testimony was not "believable." While the trial court also questioned the credibility of Burke, the trial court believed the woman's testimony regarding Burke and Fields arguing and Fields retrieving his gun during the argument. Thus, the trial court believed the state's witnesses presented a more credible and reliable version of the incident, and there was evidence upon which a rational trier of fact could have found Fields knowingly shot Burke.

---

2. Whether Fields' trial defense was based on accident or self-defense, Fields' conviction is supported by sufficient evidence because the trial court did not find Fields' version of events credible in regard to why or how he came to shoot Burke. Specifically, the trial court stated, "the defendant shot Burke and I don't think this was by accident and I don't think it was in self-defense."

{¶ 15}   The evidence demonstrates that Fields was angry with Burke for stealing his chainsaw, specifically returned to the house to arm himself with a gun, and then returned outside to confront Burke on the night of the incident.  Fields was aware that in his state of anger, his conduct of confronting Burke a second time, but with a loaded weapon, would probably cause Burke physical harm or to be shot.  The trial court clearly determined Fields acted knowingly when he caused Burke physical harm and there is sufficient evidence, if believed, to support the trial court's determination.

{¶ 16}   When viewing the evidence presented at trial in the light most favorable to the prosecution, we find that Fields' conviction was supported by sufficient evidence.  Fields' assignment of error is therefore, overruled.

{¶ 17}   Judgment affirmed.


S. POWELL, P.J., and HENDRICKSON, J., concur.